# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Shupe,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Nationstar Mortgage LLC, et al.,<br><br>　　　　　Defendants. | No. CV-16-00336-TUC-JAS (LCK)<br><br>**REPORT AND RECOMMENDATION** |

  Defendant Federal Housing Administration filed a Motion to Dismiss all of Plaintiff Richard Shupe's claims against it based on lack of service and lack of jurisdiction. (Doc. 47.) Plaintiff responded and Defendant FHA replied. (Docs. 48, 49.) Pursuant to the Rules of Practice of the Court, this matter was referred to Magistrate Judge Kimmins for Report and Recommendation. The Magistrate Judge recommends the District Court, after its independent review of the record, dismiss the complaint against Defendant FHA for lack of subject matter jurisdiction.

## **FACTUAL AND PROCEDURAL BACKGROUND**

  Plaintiff initiated this case by filing a Complaint against Nationstar Mortgage on June 8, 2016. (Doc. 1.) Before an answer was filed, on July 8, 2016, Plaintiff filed an Amended Complaint naming as defendants Nationstar and the Federal Housing

Administration (FHA).[1] (Doc. 16.) The Court subsequently allowed two additional amendments to the complaint. (Docs. 23, 26, 31, 32.)

The current Third Amended Complaint alleges that FHA purposefully implements regulations and rules that discriminate against FHA borrowers and unjustly enriches other parties. Plaintiff purchased a home in 2010 through an FHA loan program. Nationstar purchased Plaintiff's loan in 2015. Plaintiff alleges he has a loan balance of $110,000 and that, based on an appraisal and area comps, his home's current value is at least $230,000. He currently pays $167 per month for Mortgage Insurance Premium (MIP).

Plaintiff alleges that a borrower that makes a down payment of less than 20% is required by the FHA to pay MIP for a minimum of five years. But, a homeowner that puts down at least 20% of the loan amount is exempt from MIP. Plaintiff alleges that the FHA discriminates and unjustly enriches itself by forcing borrowers to continue paying MIP after they build up 20% equity in their homes. Plaintiff claims a due process violation and discrimination under *Bivens*, gross negligence, unfair business practices under A.R.S. § 44-1522, and unjust enrichment.

## **DISCUSSION**

Defendant FHA argues the claims against it should be dismissed for improper service and lack of subject matter jurisdiction. First, it appears service on the FHA was not properly completed under Federal Rule of Civil Procedure 4(i), as Plaintiff served only the United States Attorney General and the United States Attorney for the District of Arizona. (Doc. 36.) The Court had previously informed Plaintiff of his obligation to serve the FHA separate from the U.S. Attorney. (Doc. 27 at 2.) Plaintiff did not respond on this issue of service. However, Defendant FHA seeks dismissal without leave to amend. Because the FHA has notice of the suit and service still could be properly effected at this time, the Court does not rely upon improper service as a ground for dismissal.

---

[1] Nationstar filed a motion to dismiss the Third Amended Complaint, which the undersigned has recommended the District Judge grant. (Docs. 35, 45.)

- 2 -

Second, federal courts are courts of limited jurisdiction and the burden of establishing such jurisdiction rests upon the party bringing the case to federal court. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The United States can only be sued to the extent it has expressly waived its sovereign immunity. *Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1117 (9th Cir. 2003). The terms of the government's waiver of sovereign immunity "define the court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The Court examines whether it has subject matter jurisdiction over each of the claims in the complaint.

### *Bivens*

Plaintiff alleges a *Bivens* claim. In *Bivens*, the Supreme Court recognized a right of action against a federal officer for violation of a person's constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009); *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff has not named a federal official as a defendant, and there is no waiver of sovereign immunity for *Bivens* actions brought against a federal agency such as the FHA. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994). Plaintiff is unable to amend to name the head of the FHA, because a complaint against a government employee in his official capacity is an action against the United States, which is barred by sovereign immunity. *See Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007).

### **Federal Tort Claims Act (FTCA), Administrative Exhaustion**

In his response brief, Plaintiff alleges the FTCA as the basis for jurisdiction in this Court.[2] The FTCA provides jurisdiction in the district courts over tort claims against the United States for injuries caused by a government employee "if a private person [ ] would be liable to the claimant in accordance with the law of the place where the act or

---

[2] Plaintiff contends there is no immunity for "ministerial acts by FHA." The FTCA does not waive sovereign immunity for discretionary functions. 28 U.S.C. § 2680(a). Ministerial acts are not discretionary; therefore, the government can be liable for ministerial acts under the FTCA. However, this is not at issue because Defendant FHA has not asserted the discretionary function exception in this case.

- 3 -

omission occurred." 28 U.S.C. § 1346(b)(1); *see DSI Corp. v. Sec'y of Housing and Urban Dev.*, 594 F.2d 177, 180 (9th Cir. 1979).

The FHA argues that Plaintiff did not exhaust administrative remedies as required by the FTCA. Presentment of a claim to the relevant federal agency is a jurisdictional prerequisite to a suit in this Court for money damages against the United States. *See Meridian Intern. Logistics, Inc. v. United States*, 939 F.2d 740, 743 (9th Cir. 1991); 28 U.S.C. § 2675(a). Because exhaustion is jurisdictional, the requirement is strictly interpreted even if dismissal is a harsh result. *Vacek v. U.S. Postal Service*, 447 F.3d 1248, 1250 (9th Cir. 2006).

The Court may consider evidence outside the complaint to resolve subject matter jurisdiction raised in a Rule 12(b)(1) motion to dismiss, without converting the motion to one for summary judgment. *See McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). Plaintiff argues that he exhausted the available administrative remedies by filing an SF95 with the FHA in January 2016. However, Plaintiff did not allege exhaustion in any of the complaints against the FHA. (Docs. 16, 26, 32.) Nor did his response brief contain documentation that he submitted an administrative complaint or a specific date that he did so. Defendant FHA submitted a declaration from Miniard Culpepper, the person responsible for reviewing all tort claims filed with HUD.[3] (Doc. 49, Ex. 1.) Mr. Culpepper declared, based on a review of files, that Plaintiff has not filed a claim with HUD. (*Id.*) Based on the evidence before the Court, Plaintiff has not established that he exhausted his administrative remedies prior to suing the FHA. Therefore, the Court does not have jurisdiction over the tort claims alleged in the Third Amended Complaint, gross negligence and unfair business practices.

---

[3] The FHA is within the Department of Housing and Urban Development. *See* https://portal.hud.gov/hudportal/HUD?src=/program_offices/housing/fhahistory.

- 4 -

**FTCA Misrepresentation Exception**

Arizona Revised Statutes § 44-1522(A), upon which Plaintiff relies for his claim of unfair business practices, provides:

> The act, use or employment by any person of any deception, deceptive or unfair act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely on such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice.

The FTCA's waiver of sovereign immunity excludes claims arising out of misrepresentation and deceit. 28 U.S.C. § 2680(h). Courts have construed this exception broadly and hold that it bars "claims arising from commercial decisions based on false or inadequate information provided by the government." *Frigard v. United States*, 862 F.2d 201, 202 (9th Cir. 1988). A claim that the FHA violated Arizona's Consumer Fraud Act falls within the misrepresentation exception and there is no waiver of sovereign immunity under the FTCA. *See Moon v. Takisaki*, 501 F.2d 389, 390 (9th Cir. 1974) (applying misrepresentation exemption to claim under the Washington Consumer Protection Act) (citing *United States v. Neustadt*, 366 U.S. 696, 706-07 (1961)).

**Unjust Enrichment Claim**

Unjust enrichment is a claim seeking equitable relief, for which there is no waiver of sovereign immunity under the FTCA. *See Jeter v. President of the U.S.*, No. 15-15416, 2016 WL 6472068, at *1 (9th Cir. Nov. 2, 2016); *Pesnell v. United States*, 64 F. App'x 73, 74 (9th Cir. 2003); *Westbay Steel, Inc. v. United States*, 970 F.2d 648, 651 (9th Cir. 1992) (dismissing unjust enrichment claim seeking an equitable lien).

Defendant also argues there is no waiver of sovereign immunity for an unjust enrichment claim based on implied contract. In his response brief, Plaintiff cites the Tucker Act as a source of jurisdiction for a contractual claim. The Tucker Act provides jurisdiction for claims against the United States for contracts, express or implied. 28 U.S.C. §§ 1346(a), 1491(a). This jurisdiction encompasses contracts implied in fact but

not in law. *Hercules Inc. v. United States*, 516 U.S. 417, 423-24 (1996) (quoting *Baltimore & Ohio R.R. Co. v. United States*, 261 U.S. 592, 597 (1923)). Plaintiff has not asserted an express contract or one implied in fact, which is one "founded upon a meeting of the minds, which . . . is inferred, as a fact, from conduct of the parties showing, in light of the surrounding circumstances, their tacit understanding." *Id.* at 424. To the extent this claim is based on an implied contract, there is no waiver of sovereign immunity.[4]

There is no waiver of sovereign immunity for claims in equity or implied-in-law contract claims.

## **CONCLUSION**

The Court does not have jurisdiction over the claims against Defendant FHA because it has not waived its sovereign immunity. In particular, there is no waiver of sovereign immunity for a *Bivens* claim against an agency, and Plaintiff does not make any allegations against a federal official acting in his individual capacity. Plaintiff failed to exhaust administrative remedies prior to filing the complaint; therefore, he cannot sue under the FTCA. The FTCA does not waive sovereign immunity for claims seeking an equitable remedy. To the extent Plaintiff is asserting a contract claim, it is one implied in law for which the United States does not waive its sovereign immunity. Plaintiff's claim based on the Arizona Consumer Fraud Act is barred by the FTCA exception for misrepresentation claims. Because this Court does not have jurisdiction, it does not consider Defendant FHA's arguments based on failure to state a claim.

Plaintiff argues that if the Court grants dismissal it should provide him guidance and allow him to amend. When a court grants dismissal, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading

---

[4] Plaintiff argues that the "'contractual' amount in controversy, does not exceed ten thousand dollars, therein granting jurisdiction to the district court." (Doc. 48 at 2.) This Court has jurisdiction for contract claims against the United States for an amount up to $10,000, 28 U.S.C. § 1346(a)(2), while claims over $10,000 must be brought in the Court of Federal Claims, 28 U.S.C. § 1491(a)(1). However, this jurisdiction only operates as to claims for which there is a waiver of the government's sovereign immunity, which the Court does not find in this case.

- 6 -

could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). Amendment cannot cure the jurisdictional defects of Plaintiff's Third Amended Complaint against the FHA, therefore, dismissal with prejudice is warranted.

## **RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order granting Defendant FHA's Motion to Dismiss (Doc. 47), dismissing Defendant FHA with prejudice, and denying leave to amend with respect to FHA.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the District Court. If objections are not timely filed, they may be deemed waived.

Dated this 10th day of April, 2017.

Honorable Lynnette C. Kimmins
United States Magistrate Judge